IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CALVIN R. BROWN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 14-CV-1399-NJR |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On December 22, 2014, Calvin R. Brown ("Brown") filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1). On February 2, 2015, the Government filed a Response to the Motion (Doc. 7). On May 15, 2015, Brown filed a document titled "Counterclaim to Government's Response to Petitioner's Motion Pursuant to § 2255 Petition to Vacate, Set Aside or Correct," which appears to be a Reply Brief (Doc. 12). On June 11, 2015, Brown filed a similar document that also appears to be a Reply Brief (Doc. 14). On October 23, 2015, Brown filed an Amended § 2255 Petition (Doc. 22). On November 9, 2015, the Government filed a Response to the Amended § 2255 Petition (Doc. 23). Also pending before the Court is a Motion for Leave to File a Supplemental 2255 (Doc. 26) filed by Brown and a Motion to Withdraw as Attorney (Doc. 25) filed by Assistant Federal Public Defender Tom Gabel. For the reasons set forth below, the Court denies Brown's Amended § 2255 Petition, denies Brown's Motion for

Leave to file Supplemental Pleading (Doc. 26), and grants Tom Gabel's Motion to Withdraw as Attorney (Doc. 25).

**Factual & Procedural Background**

On May 13, 2010, Brown pleaded guilty to Possession with Intent to Distribute Crack Cocaine (Count 1), Distribution of Heroin (Count 2), and Distribution of Crack Cocaine (Count 3), all committed in violation of 21 U.S.C. § 841(a)(1) (*See* Docs. 20, 23, 55 in Case No. 09-cr-40072). On October 4, 2010, Brown was sentenced by the Honorable G. Patrick Murphy[1] to 292 months' imprisonment (*See* Docs. 38 and 41 in Case No. 09-cr-40072). Brown was found to be a "career offender" within the meaning of U.S.S.G. §§4B1.1 based on the following prior qualifying predicate felony offenses: Aggravated Discharge of a Firearm under Illinois law (Marion County Case No. 03-CF-105) and Unlawful Possession with Intent to Distribute a Controlled Substance under Illinois law (Marion County Case No. 04-CF-78) (*See* Doc. 35, p. 6, Doc. 39 in Case No. 09-cr-40072). Judgment was entered on October 6, 2010, and Brown appealed his sentence on October 18, 2010 (*See* Doc. 43 in Case No. 09-cr-40072).

The Seventh Circuit affirmed the Court's judgment in declining to apply the Fair Sentencing Act at Brown's sentencing but remanded the case for re-sentencing as to the amount of the fine imposed. *See United States v. Brown*, 662 F.3d 457 (7th Cir. 2011). Prior to re-sentencing, the Supreme Court issued its decision in *Dorsey v. United States*, which held that "Congress intended the Fair Sentencing Act's more lenient penalties apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that

---

[1] Judge Murphy retired in December 2013; the criminal case was transferred to the undersigned in December 2014 upon the filing of this motion pursuant to 28 U.S.C.§ 2255.

date." 567 U.S. 260, 273 (2012). In the aftermath of *Dorsey*, on October 16, 2012, Judge G. Patrick Murphy re-sentenced Brown to 200 months in prison (*See* Docs. 76 and 78 in Case No. 09-cr-40072). Brown did not appeal this sentence.

On December 22, 2014, Brown filed his § 2255 petition raising various claims for relief (Doc. 1). On February 2, 2015, the Government filed a Response (Doc. 7). On May 15, 2015 and June 11, 2015, Brown filed Reply Briefs (Doc. 12).

On August 3, 2015, Brown filed a Motion to Amend his § 2255 petition (Doc. 15) based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court granted him leave to amend, instructing him as follows: "Mr. Brown's Amended § 2255 motion—which should include ALL claims he wishes the Court to consider—is now due on or before October 19, 2015. This Amended § 2255 petition will supersede his original petition. In the new amended petition, Mr. Brown should underline his additional arguments relating to Johnson" (Doc. 16). The Court also appointed the Federal Public Defender's Office to represent Brown with respect to this claim (Doc. 20). On October 23, 2015, Brown filed an amended petition that raises only his *Johnson* claim (*See* Doc. 22).[2] On November 9, 2015, the Government filed a Response to the Amended § 2255 Petition (Doc. 23). On January 7, 2016, Assistant Federal Public Defender Tom Gabel filed a Motion to Withdraw as Attorney on the basis that he could not find any timely potential claim for relief (Doc. 25).

On July 5, 2017, Brown again sought leave to amend his § 2255 petition (Doc. 26).

---

[2] As the Court previously instructed, the new Amended § 2255 petition supersedes the original. Thus, the Court views the arguments raised in Brown's original § 2255 to be forfeited. Nonetheless, the Court still addresses them below as they are untimely.

This time, he seeks to leave to amend his petition to add a claim based on *Mathis v. United States*, 136 S.Ct. 2243 (2016).

**Analysis**

Unlike a direct appeal, where a defendant may complain of nearly any error, § 2255 proceedings may only be used to correct errors that vitiate the sentencing court's jurisdiction, are of constitutional magnitude, or constitute a fundamental defect which inherently results in a complete miscarriage of justice. *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Any motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the latest of—

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Brown was re-sentenced on October 16, 2012, and judgment was entered that same day (*See* Docs. 76 and 78 in Case No. 09-cr-40072). Brown did not file a direct appeal of his new sentence. Thus, Brown's conviction became final fourteen days later

on October 30, 2012, when Brown failed to initiate the direct appeal process. *See* FED. R. APP. P. 4(b)(1)(A) (appeal in a criminal case must be filed within fourteen days of entry of judgment); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). The statute of limitations for filing a § 2255 expired one year later on October 30, 2013. This § 2255 petition was filed on December 22, 2014, which is late by almost one year and two months.

After Brown filed his initial § 2255 petition, the Supreme Court handed down *Johnson v. United States*, 135 S. Ct. 2551 (2015), which announced a new rule of constitutional law that was declared retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *see also Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015). In *Johnson*, the Supreme Court invalidated the residual clause in the Armed Career Criminal Act as unconstitutionally vague. *Price*, 795 F.3d at 732 (citing *Johnson*, 135 S.Ct. at 2557).

Brown argues in his Amended § 2255 petition that *Johnson* extends to the parallel residual clause in the career offender guideline and thus his enhanced sentence based on the career offender guideline was improper. After allowing Brown to amend his § 2255 petition based on *Johnson*, the Court ordered the Government to respond and appointed the Federal Public Defender's Office to represent Brown as to this claim. The Government filed a response explaining that the residual clause was not used by the Court in sentencing Brown as a career offender (Doc. 23). Assistant Federal Public

Defender Tom Gabel agreed with the Government (Doc. 25). Mr. Gabel also explained that none of Brown's other claims were timely and requested to withdraw on that basis (Doc. 25).

Brown was subject to an enhanced sentence under the career offender provision of the United States Sentencing Guidelines, U.S.S.G. §§ 4B1.1, based on the prior felony convictions of for Aggravated Discharge of a Firearm under Illinois law (Marion County case no. 03-CF-105) and Unlawful Possession with Intent to Distribute a Controlled Substance under Illinois law (Marion County case no. 04-CFD-78) (Doc. 35, p. 6 in Case No. 09-cr-40072). After the briefing on this Amended § 2255 petition concluded, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the residual clause in the career offender guideline is not subject to vagueness challenges that may be asserted with respect to the ACCA. Thus, Brown's argument that *Johnson* extends to the career offender guidelines fails. *Johnson* does not apply to this case because Brown was determined to be a career offender under the Sentencing Guidelines, not the ACCA.

Further, as the attorneys for both sides point out, Brown's qualifying convictions were not even based on the residual clause of the career offender guideline. The career offender provision of the Sentencing Guidelines increases the offense level and criminal history category, and thus the guideline imprisonment range, of defendants who commit certain offenses after having been convicted of two felony controlled substance offenses or "crimes of violence." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a). At the time Brown was re-sentenced, a "controlled substance offense" was defined as "an

offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b).[3] And a "crime of violence" was defined as any state or federal crime punishable by imprisonment for a term exceeding one year, that:

(1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) (emphasis added). The italicized text is known as the residual clause.

The presentence investigation report concluded that Brown was a career offender under the guidelines based on his prior convictions for Aggravated Discharge of a Firearm under Illinois law (Marion County case no. 03-CF-105) and Unlawful Possession with Intent to Distribute a Controlled Substance under Illinois law (Marion County case no. 04-CFD-78). Brown only challenges his first predicate conviction, Aggravated Discharge of a Firearm under Illinois law. Brown's Aggravated Discharge of a Firearm offense, 720 ILCS 5/24-1.2(a), prohibits knowingly or intentionally "[d]ischarging a firearm in the direction of another person or in the direction of a vehicle he or she knows

---

[3] Brown was originally determined to be a career offender based upon the 2009 U.S. Sentencing Guidelines Manual. When Brown was re-sentenced in 2012, he was still a career offender under the then current guidelines, as the relevant language of § 4B1.2 remained the same.

or reasonably should know to be occupied by a person." 720 ILCS 5/24-1.2(a)(2). Brown's Amended Information charged him with discharging a firearm in the direction of another or in the direction of a vehicle he knew to be occupied (Doc. 23-1). This meets the definition of a "crime of violence," which does not implicate the residual clause of the career offender guideline. *See United States v. Curtis*, 645 F.3d 937 (7th Cir. 2011) (holding that a violation of 720 ILCS 5/24-1.2(a)(2) "constitutes the use, attempted use, or threatened use of force against another person, and, therefore, qualifies as a crime of violence under the applicable sentencing guideline."). The second of Brown's predicate offenses, Unlawful Possession with Intent to Distribute a Controlled Substance under Illinois law is obviously a "controlled substance offense" within the meaning of § 4B1.2(b). Thus, Brown's *Johnson* claim fails on the merits.

As to all other claims Brown raised in his original § 2255 petition, the Court finds that these claims have been forfeited. But even if that were not the case, the Court would be obligated to dismiss them as untimely. Unlike the *Johnson* claim, Brown's claims raised in his original § 2255 petition do not implicate 28 U.S.C. § 2255(f)'s other subsections, and he has not argued that these other subsections apply. Instead, in response to the Government's assertions that the motion is untimely, Brown merely states that his pleading "is not untimely," but sets forth no basis for this argument (*See* Doc. 12, p. 2).

Further, the Supreme Court case cited by Brown in his original § 2255 petition, *Descamps v. United States,* 133 S. Ct. 2276 (2013), does not recognize a new right that was

made retroactively applicable within the meaning of § 2255(f)(3).[4] *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) ("the Supreme Court has not made *Descamps* retroactive on collateral review."); *see also Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("*Descamps* did not announce a new rule, and even if it did, *Descamps* is not a constitutional case."); *see also In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review."). As to the Seventh Circuit cases cited by Brown in his original § 2255 petition, the statute does not allow for the announcement of new rules by lower federal courts, only the Supreme Court.[5] *See, e.g. Washington v. United States*, No. 14-933-DRH, 2015 WL 5568396, at *4 (S.D. Ill. Sept. 21, 2015) ("the Court notes it is unaware of any examples of non-Supreme Court cases applied retroactively on collateral review, and "even assuming the above standard is applicable to appellate court decisions, *Harden* does not meet the standard for retroactive application"); *see also Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002) ("The express language of § 2255(3) limits its application

---

[4] Similarly, the Supreme Court case, *Mathis v. United States*, 136 S. Ct. 2243 (2016), cited by Brown in his Motion for Leave to File Supplemental Pleading (Doc. 26), does not recognize a new right that was made retroactively applicable within the meaning of § 2255(f)(3). *See Gulley v United States*, No. 17-2122, 2017 WL 2450178, at *4 (C.D. Ill. June 6, 2017) ("*Mathis* does not trigger a new one-year period under § 2255(f)(3)."); *see also Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (explaining that *Mathis* "did not announce such a rule; it is a case of statutory interpretation"); *see also Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law."). For this reason, it would be futile to allow Brown to amend his § 2255 petition to add a claim under *Mathis*. Thus, the Court denies Brown's pending Motion for Leave to File Supplemental Pleading (Doc. 26).

[5] The Court notes, however, that both the Supreme Court *and* lower courts can decide the *retroactive applicability* of a new rule of constitutional law announced by the Supreme Court. *Fischer v. United States*, 285 F.3d 596, 599–600 (7th Cir. 2002) (noting that "district and appellate courts, no less than the Supreme Court, may issue opinions holding that a decision applies retroactively to cases on collateral review") (internal quotation marks and alteration omitted).

to decisions of the Supreme Court in which new rights are recognized and explicitly made retroactive to cases on collateral review.").

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.

A petitioner's right to appeal a district court's denial of a § 2255 petition is not absolute; it depends on whether the district court grants a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). A certificate of appealability is warranted only where (1) a petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court can discern no reason why any jurists, reasonable or otherwise, would debate or disagree with the ruling that Brown's *Johnson* claim fails on the merits or that the claims raised in his original § 2255 petition are untimely and therefore barred by 28 U.S.C. § 2255(f). Therefore, the Court declines to issue a certificate of appealability.

## Conclusion

Accordingly, the Court **DENIES** Brown's Amended § 2255 petition (Doc. 22). *See* 28 U.S.C. § 2255(f). The Court also **DENIES** Brown's Motion for Leave to File Supplemental Pleading (Doc. 26) and **GRANTS** Tom Gabel's Motion to Withdraw (Doc. 25). Tom Gabel is hereby **WITHDRAWN** as counsel of record for Brown. The

Court **DECLINES** to certify any issues for appeal. The case is **CLOSED**, and judgment will be entered accordingly.

**IT IS SO ORDERED.**

DATED:   March 8, 2018

s/ Nancy J. Rosenstengel_____\
**NANCY J. ROSENSTENGEL**\
**United States District Judge**